RICHMOND v. ATWOOD.

*(Circuit Court of Appeals, First Circuit. February 2, 1892.)*

1. PATENTS FOR INVENTIONS—NOVELTY—COMBINATION—USEFULNESS—BOX-HINGES.

Letters patent No. 378,861, issued March 6, 1888, to Benjamin S. Atwood, for a duplex box-hinge, to be placed inside the box, and consisting of two flanges jointed to a connecting plate, bent at right angles at distances from the joints equal to the thickness of the side and cover of the box, so that, when applied, a smooth face, flush with the outer surface of the box, is presented, and the cover, when open, turns completely over, and rests against the side, are void for want of novelty in the component elements and new and useful results in the combination.

2. SAME—PRIOR USE.

The feature of allowing the cover to fall back against the side of the box is found in the old Smith and Paine double-hinge; and, though the leaves of the latter were straight and applied to the outside of the box, they could be applied to the inside by the simple mechanical device of bending the shanks, the result being substantially the same as that obtained in the Atwood patent.

3. SAME.

The feature of applying the hinge so as to present a smooth face, flush with the box and cover, was anticipated by the Lovett double hinge, which embodied the principle of the Smith and Paine hinge, and could be inserted in the same way.

4. SAME.

The feature in the patent of having the cover-leaf press against the connecting plate when the box closed, so as to prevent the cover from moving backward, does not make the combination patentable, because bearings are old, and the prior Smith and Paine duplex hinge shows a bearing against the inside of the link, producing the same result.

5. SAME—INFRINGEMENT.

If the combination should be considered patentable because of the bearing, it is not infringed by a hinge in which, owing to differences of structures, the bearing is obtained in an entirely different manner.

47 Fed. Rep. 219, reversed.

In Equity. Suit by Benjamin S. Atwood against Charles. C. Richmond for infringement of a patent. The patent was sustained below, and an injunction and accounting ordered. Defendant appeals.

*Frederick P. Fish, William K. Richardson,* and *James J. Storrow, Jr.,* for appellant.

*Payson E. Tucker,* for appellee.

Before COLT, Circuit Judge, and CARPENTER and ALDRICH, District Judges.

COLT, J. This suit is brought for infringement of letters patent No. 378,861, granted to Benjamin S. Atwood, March 6, 1888, for improvements in hinges for boxes and chests. The object of the invention, as set out in the specification, is the production of " a hinge which, when applied to a box or chest, will present a smooth face, flush with the surface of the box or chest, with no part of it projecting beyond the surface." The hinge is composed of two leaves, attached to the inside of the box and cover. Portions of these leaves are turned at right angles, the parts so turned being equal to the thickness of the cover or side of the box to which the hinge is applied. At the ends of the bent parts of the leaves are the knuckles, which lie in places cut in the side of the box and of the cover. The two parts of the hinge are united by a plate having a knuckle at each end, and by pins which pass through the knuckles

on the leaves and plate, and so form a double hinge. The plate is so constructed as to permit the leaf on the cover of the box to bear against its inner side when the box is closed. When the box is open the cover will turn completely over and lie against the side of the box. The claim is as follows:

"A box-hinge, composed of the parts *d* and *c*, to be placed, respectively, on the inside of the box and of the cover, provided with end-pieces turned at a right angle to their main portions, having knuckles *f f*, fitting, respectively, into places in the side of the box and of the cover, and united by the plate *g* and pins *h h*, said plate *g* being placed on the outside of the box, and so arranged as to furnish a bearing to the cover when it is closed, and to permit the cover to be removed entirely from the top of the box when it is open, substantially as above described."

The answer sets up several defenses, but only two are relied upon, namely, want of invention, and non-infringement.

In analyzing the Atwood patent in the light of the prior state of the art, we find that every element which enters into the combination set forth in the claim was old and well known at the date of the invention. Single hinges, composed of leaves, knuckles, and pin, were old. Duplex or double hinges, composed of leaves, knuckles, pins, and a plate uniting the two parts, were old. The bending of the leaf to conform to the size of the edge of the box or cover was old. It is also abundantly shown, by an examination of the many forms of hinge put in evidence, that in the details of construction, such as turning the knuckles one way or another, or turning the plate in any particular way, there would be no invention, and the Atwood patent does not seek to cover any particular form of construction in these respects. It is also admitted that bearings were old, and that there was no invention, considered by itself, in the bearing of the cover-leaf against the plate when the box is closed. The prominent feature of the Atwood hinge consists in turning the leaves at right angles, as described in the patent. But, in our opinion, there was no patentable novelty in merely bending the leaf of a hinge to conform to the edge of the cover or back of a box, because this feature is seen in the old single hinge and the old Lovett double hinge. If there is any invention in the Atwood device, it must lie in the combination of elements described in the claim of the patent considered as a whole, whereby some new and improved result is accomplished.

It is contended that the Atwood hinge, considering the combination of elements as a whole, does embody certain improvements: *First,* it enables the cover to be turned way over on the back of the box; *second,* the hinge can be set flush with the cover and back of the box, thus avoiding the projection which is found in the single hinge, and making the box more secure and of a more pleasing appearance; *third,* by having the cover-leaf press against the plate, a bearing is obtained which holds the cover and prevents its moving backward when the box is closed.

As to the first improvement mentioned in the operation of the Atwood hinge by which the cover is made to swing through three-quarters of a circle, it may be observed that this same feature is found in the old

Smith and Paine double hinge, with which Atwood admits he was familiar. The leaves in the Smith and Paine hinge were straight and applied to the outside of the box, but it had the same capacity of permitting the cover to fall clear back as the Atwood hinge. Indeed, if you bend the shanks of the Smith and Paine hinge so that they may be attached to the inside of the box and cover, you have substantially the patented device. And, such bending being old in the art, it would naturally suggest itself to any skilled mechanic who desired to construct a hinge where the leaves were to be attached to the inside of a box.

With respect to the second feature of the Atwood hinge,—that it presents a smooth face, flush with the box and cover,—it is admitted that the prior Lovett double hinge, which embodies the principles of the Smith and Paine hinge, could be inserted in the same way. In dealing with the duplex hinge, as distinguished from the single hinge, it would seem, owing to the general form of such hinge, to be a matter of detail in construction, or of the mode of applying the hinge to the box, whether or not it should be put in flush with the wood.

The remaining advantage of the Atwood hinge relates to the bearing of the cover-leaf upon the connecting plate when the box is closed, by means of which the cover is firmly held, thereby making any backward movement impossible. Much importance is attached to this point by the complainant. But bearings are very old, and an examination of prior duplex hinges, such as the Smith and Paine hinge, shows that when the cover is closed there is a bearing on the inside of the link, which prevents the cover from moving backward; and it is for these reasons, we presume, that complainant's expert admits that the bearing alone in the Atwood patent is not a feature of patentable novelty. But, if we should assume that there is patentable novelty in the form of bearing in the Atwood hinge, taken in connection with the whole mechanism, an examination of the defendant's hinge shows a different bearing. The broad connecting plate with knuckles thereon, which characterizes the Atwood hinge, is not found in defendant's hinge, but instead thereof there is a straight piece of metal turned in the opposite direction to the link of the Atwood patent, and standing at right angles to the bent part of the cover-leaf, instead of parallel with it, as in the Atwood patent; and the link, therefore, has no knuckles rolled over its extremities, but simply holes bored through to receive the pins. Owing to this difference in construction, it is apparent that in defendant's hinge the broad face of the link could not come to a bearing against the cover-leaf, and that the only bearing is between the thin edge of the leaf and the straight part of the cover-leaf; and this is the same bearing which is found in the old Lovett hinge.

But it is urged by the complainant that in the construction of the Atwood hinge it is necessary that the cover-leaf should lie in a different plane from the link in order to obtain the Atwood bearing; that such construction is an important mechanical feature, and that it is embodied in the defendant's hinge. It is true that the defendant's hinge is so constructed, but it is also shown that this form is not necessary to the practical operation of the hinge, because, by cutting the slot in the cover-

leaf, where the bearing takes place, a little deeper, the leaves and the link may all be made in one plane. While one particular form of attaching the leaf to the plate may be essential in the Atwood hinge in order to obtain the Atwood bearing, the defendant only uses that form to obtain a different bearing.

Upon the whole, we have grave doubt whether there is anything patentable in the combination claim of the Atwood patent, but if the so-called "bearing feature," in combination with the other elements of the claim, is sufficient to sustain the patent, then there is no infringement shown, because the defendant's hinge is constructed with a different bearing. On the question of patentable novelty, it is somewhat significant that the application for the Atwood patent was filed in the patent-office, April 4, 1884, and that the patent was not granted until March 6, 1888; that the application was three times rejected by the patent-office on reference to the Jenness patent of 1873, and that the evidence goes to prove that it was finally granted by an examiner who had not previously dealt with the application, and to whom the matter was new.

This case is pending in this court upon an appeal from an interlocutory decree of the circuit court of the United States for the district of Massachusetts, granting an injunction. In the opinion of this court, the complainant is not entitled to an injunction, and the decree of the circuit court is accordingly reversed.